**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| A-R LITIGATION TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N24C-10-068 EMD CCLD |
| | ) | |
| EVANSTON INSURANCE COMPANY, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: August 19, 2025
Decided: October 16, 2025

*Upon Defendant Evanston Insurance Company's Motion to Dismiss or Stay*
***GRANTED as to the request to stay the civil action. DENIED as to the request for dismissal***

Roopa Sabesan, Esquire, Offit Kurman, P.A., Wilmington, Delaware. *Attorney for Plaintiff A-R Litigation Trust.*

Krista M. Reale, Esquire, Margolis Edelstein, Wilmington, Delaware, Patrick Stoltz, Esquire, Briana Smenza, Esquire, Kaufman Borgeest & Ryan LLP, Valhalla, New York. *Attorneys for Defendant Evanston Insurance Company.*

Marc Casarino, Esquire, Kennedys CMK LLP, Wilmington, Delaware, April H. Gassler, Esquire, Thompson Gassler LLP, Washington, D.C. *Attorneys for Defendant Wesco Insurance Company.*

Robert J. Katzenstein, Esquire, Julie M. O'Dell, Esquire, Smith Katzenstein & Jenkins LLP, Wilmington, Delaware, Paul F. Matousek, Esquire, Kevin A. Lahm, Esquire, Walker Wilcox Matousek LLP, Chicago, Illinois. *Attorneys for Defendant Great American Insurance Company.*

**DAVIS, P.J.**

## I. INTRODUCTION

This is a civil action assigned to the Complex Commercial Litigation Division of the Court. Plaintiff A-R Litigation Trust ("A-R" or the "Trust") pursues damages for breach of contract and declaratory judgment against Defendants Evanston Insurance Company ("Evanston"), Wesco Insurance Company ("Wesco"), and Great American Insurance Company

("GAIC" and, collectively, with Evanston and Wesco, the "Insurers").[1] A-R filed its Complaint with the Court on October 7, 2024. A-R seeks a decision holding that the Insurers owe A-R's beneficiaries—Dr. Jessica Richman and Dr. Zachary Apte (the "Beneficiaries")—a duty to defend and to indemnify them in lawsuits filed by individuals and the federal government.[2]

Evanston filed its Motion to Dismiss or Stay (the "Stay Motion") on January 22, 2025, arguing that the *McWane* doctrine warrants dismissal.[3] Thereafter, Wesco filed its Motion to Dismiss or, in the Alternative, for a More Definite Statement (the "Wesco MTD") on March 24, 2025.[4] Wesco's argument centers around whether A-R has standing to sue and whether a "No Action" clause bars this lawsuit. On March 28, 2025, GAIC filed its Motion to Dismiss (the "GAIC MTD") joining Evanston's and Wesco's arguments and presenting its own argument favoring dismissal or some delay of GAIC's responsive pleading.[5] A-R opposes all three motions to dismiss, arguing in its Answering Briefs that the six causes of action raised against the three Insurers should not be dismissed. Briefing on all three motions concluded on May 30, 2025.

The Court held a hearing on all three motions to dismiss on August 19, 2025. At the conclusion of the hearing the Court took the motions under advisement. For the reasons set forth below, the Court will **GRANT**, in part, and **DENY**, in part, the Stay Motion. The Court will stay—but not dismiss—this civil action pending further proceedings in the California Action. The Court will stay any additional actions on the Wesco MTD and the GAIC MTD.

---

[1] *See generally* Complaint (hereinafter "Compl.") (D.I. No. 1).
[2] *See id.*
[3] *See* Def. Evanston Ins. Co.'s Mot. to Dismiss or Stay (hereinafter "Stay Motion") (D.I. No. 15).
[4] *See* Def. Wesco Ins. Co.'s Mot. to Dismiss or, in the Alt., for a More Definitive Statement (hereinafter "Wesco MTD") (D.I. No. 30).
[5] *See* Def. Great Am. Ins. Co.'s Mot. to Dismiss Pl.'s Compl. or, in the Alt., to Stay (hereinafter "GAIC MTD") (D.I. No. 31).

## II.     RELEVANT FACTS[6]

### A. THE PARTIES

A-R is a Delaware Statutory Trust.[7]  A-R owns the rights to causes of action belonging to non-parties Dr. Richman and Dr. Apte.[8]  Drs. Richman and Apte co-founded uBiome, Inc. ("uBiome"), a science company that developed DNA sequencing-based tests for gut health, women's health, respiratory viruses, and general wellness.[9]  uBiome also conducted pharmaceutical research and development, developed lab tests, and engaged in research partnerships with universities and large corporations.[10]  The Beneficiaries have assigned their rights under the Directors and Officers ("D&O") insurance policies issued by Starstone Insurance Company, Evanston, Wesco, and GAIC.[11]

Evanston, Wesco, and GAIC are insurance companies that issued D&O insurance policies (the "Policies") to uBiome and the Beneficiaries.  The Policies covered 2019 and were in force during the times when lawsuits were initiated against the Beneficiaries.

Evanston is a corporation organized under the laws of Illinois with its principal place of business in Illinois.[12]  Evanston is authorized to sell and write insurance policies in Delaware. Wesco is a corporation organized under the laws of Delaware with its principal place of business in Cincinnati, Ohio.[13]  Wesco is authorized to sell and write insurance policies in Delaware. Finally, GAIC is a corporation organized under the laws of Ohio with its principal place of

---

[6] The facts are drawn from the Complaint and the attached exhibits.
[7] *See* Compl. ¶ 2.
[8] *See id*.
[9] *See* Compl. ¶ 3.
[10] *Id.*
[11] *See* Pl.'s Answering Br. in Opp'n Def. Wesco Ins. Co.'s Mot. to Dismiss or, in the Alt., for a More Definitive Statement (hereinafter "A-R Opp'n Br. Wesco") Ex. A (hereinafter the "Assignment") (D.I. No 36).
[12] *See* Compl. ¶ 16.
[13] *See* Compl. ¶ 17.

business in Cincinnati, Ohio.[14]  GAIC is authorized to sell and write insurance policies in Delaware.

### B. THE RELEVANT INSURANCE POLICIES AND RELATED PROVISIONS

There are three relevant insurance policies governing the insurance relationships between each of the Insurers and the Beneficiaries.  Starstone Specialty Insurance Company ("Starstone") also provided D&O insurance coverage to the Beneficiaries and has paid amounts covered up to the policy's $3,000,000 limit (the "Starstone Policy").[15]  The Beneficiaries have exhausted the Starstone Policy limit and now bring suit to obtain amounts above the $3,000,000 covered and paid by Starstone.

The insurance agreement between Evanston and the Beneficiaries ran between January 31, 2019, and August 21, 2019 (the "Evanston Policy").[16]  Evanston provided $2,000,000 of coverage to the Beneficiaries exceeding the insurance provided by Starstone.  The Evanston Policy follows form to the Starstone Policy.  The Starstone Policy provides that:

> The Insurer shall pay on behalf of the Insured Person, Loss arising from any Claim first made against the Insured Person during the Policy Period and reported to the Insurer in the time and manner required by this Policy, except to the extent that such Loss has been paid or indemnified.[17]

The Beneficiaries were Executive Officers of uBiome during the relevant time and are Insured Persons as identified in the Starstone Policy.

The Beneficiaries and Wesco entered into an insurance contract (the "Wesco Policy") to provide an extra $2,500,000 in excess coverage above the $2,000,000 of coverage provided by

---

[14] *See* Compl. ¶ 18.
[15] Compl. Ex. A (hereinafter the "Starstone Policy") (D.I. No. 2).
[16] *See* Compl. Ex. B (hereinafter the "Evanston Policy").
[17] *See* Starstone Policy.

the Evanston Policy.  Importantly, the Starstone Policy, which the other insurance policies follow

form, provides a "No Action" clause which states:

> No action shall lie against the Insurer unless, as a condition precedent thereto, the Insureds have fully complied with all terms of this Policy and until the amount of the Insureds' obligations to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Named Insured, all claimants and the Insurer.[18]

The Beneficiaries and GAIC entered into another insurance contract (the "GAIC Policy") which

provided the Beneficiaries with D&O insurance coverage for $5,000,000 exceeding the amount

of liability covered by the Wesco Policy.  In sum, the Beneficiaries have a total of $12.5 million

in D&O insurance coverage, $9.5 million of which is at issue in this litigation.

### C.  THE UNDERLYING LITIGATION AGAINST DR. APTE AND DR. RICHMAN

The Beneficiaries are subject to four lawsuits, both civil and criminal, in Florida,

Delaware, and California federal courts:

- A civil complaint against the Beneficiaries filed by the SEC on March 18, 2021, captioned *SEC v. Jessica Richman et al.*, No. 21-cv-01911 (N.D. Cal.).[19]

- A criminal indictment filed by the United States on March 18, 2021, captioned *United States v. Zachary Schulz Apte, et al.*, No. 21-cr-00116 (N.D. Cal.).[20]

- A civil forfeiture proceeding against two properties owned by the Beneficiaries filed on May 27, 2021, captioned *United States v. Two Condominiums Located at 465 Ocean Drive, Units 315 and 316, Miami Beach, Florida 33139*, No. 21-cv-04060 (S.D. Fla.) (the "Forfeiture Action").[21]

- An adversarial proceeding against the Beneficiaries filed by uBiome's Trustee in bankruptcy on September 2, 2021, *Giuliano v. Richman, et al.*, C.A. No. 21-51032 (D. Del.)[22] (collectively the "Proceedings").

---

[18] Starstone Policy at 17.
[19] *See* Compl. ¶ 5.
[20] *See id.*
[21] *See id.*
[22] *See id.*

The Insurers have denied coverage for the Beneficiaries' claims in the Proceedings, asserting that various exclusions in the respective contracts precludes coverage.[23]

Evanston insists that the Beneficiaries were aware of the claims that would be brought against them at the time Dr. Apte represented that uBiome was not aware of any such claims in connection with its application for the Evanston Policy.[24] Wesco contends that coverage is precluded because it did not receive notice.[25] GAIC avers that the Government Claims Exclusion precludes coverage.[26]

The Proceedings involve multiple claims and investigations against the Beneficiaries from their officer and director roles at uBiome.[27] The Forfeiture Action, a proceeding against the Beneficiaries' properties, was settled under a reservation of rights without any contribution from insurance for the defense costs incurred or the Beneficiaries' loss of substantial value in their properties.[28]

The Proceedings are ongoing. The Beneficiaries are presently incurring defense costs, and these costs are mounting. A-R contends that this is having an immediate detrimental effect on the Beneficiaries' ability to plan and mount a defense to the claims laid against them.[29] Settlement demands have been made to the Beneficiaries, however their inability to call upon insurance contracts has made settlement difficult, if not impossible, for the Beneficiaries to engage with.[30]

---

[23] Compl. ¶ 26.
[24] Compl. ¶ 27.
[25] Compl. ¶ 29.
[26] Compl. ¶ 31.
[27] Compl. ¶ 33.
[28] Compl. ¶ 36.
[29] Compl. ¶ 39.
[30] Compl. ¶ 42.

In addition to the Proceedings, Evanston filed a lawsuit (the "California Action") in the U.S. District Court for the Northern District of California on August 12, 2024.[31] In the California Action, Evanston seeks a declaration that it owed no coverage obligations to the Beneficiaries.[32] Evanston asserts that the federal court had diversity jurisdiction over the claim.[33]

### III. PARTIES' CONTENTIONS ON THE STAY MOTION

The Stay Motion centers on the fact that Evanston filed the California Action two months prior to A-R initiating this civil action. Evanston contends the Court should apply Delaware's *McWane* doctrine to stay, or dismiss, this civil action.[34] Evanston maintains this application is warranted because the California Action was filed first, involved the same parties and issues, at least as it pertains to Evanston, and that the District Court can provide prompt relief for the parties.[35]

A-R counters that the District Court is not "capable of doing prompt and complete justice between the parties."[36] Centrally, A-R argues that the District Court cannot exercise jurisdiction over Drs. Richman and Apte because they are residing in Germany.[37] A-R asserts that Drs. Richman and Apte are U.S. citizens residing abroad and therefore are neither citizens of any state nor are they subjects of a foreign state.[38] A-R also forwards the argument that a dismissal or stay

---

[31] A-R Opp'n Br. Wesco at 5-6.
[32] Pl.'s Answering Br. In Opp'n to Def. Evanston Ins. Co.'s Mot. to Dismiss or Stay at 3 (hereinafter "A-R Oppn'n Br. Evanston") (D.I. No. 29).
[33] *Id*.
[34] Stay Motion Opening Br. At 9 (D.I. No. 15).
[35] *See id.* At 9-15.
[36] A-R Opp'n Br. Evanston at 4-5.
[37] *See id.* at 3-4.
[38] *Id*. at 4.

7

would be inappropriate because the California Action is an anticipatory declaratory judgment filing and is therefore not entitled to the deference typically afforded to first-filed actions.[39]

In reply, Evanston argues that the District Court, and not the Court, is the proper court to make the determination over whether it has jurisdiction in the California Action.[40] Evanston asserts that when a first-filed court may not have jurisdiction, the jurisdiction determination must be made by that first-filed court.[41] Evanston contends that the parties may challenge jurisdiction at any point in that first-filed court and if the case is dismissed for lack of jurisdiction, the parties could easily return to Delaware and lift the stay.[42] Thus, the third prong of the *McWane* test is satisfied and the Court should grant its Motion to Stay.[43]

Evanston also argues that the lawsuit pending in the California Action is not an anticipatory declaratory action because Evanston was not on notice that a lawsuit was imminent when it commenced litigation in California.[44] Evanston maintains this was not a race to the courthouse and the two-month difference between filing times is materially distinguishable from those Delaware cases where the Court refuses to give deference to a first-filed action which was filed in a trivially faster manner than the Delaware case.[45]

## IV. STANDARD OF REVIEW

Upon a motion to dismiss under Civil Rule 12(b)(6), the trial court (i) accepts all well-pled factual allegations as true,(ii) accepts even vague allegations as well-pled if they give the opposing party notice of the claim, (iii) draws all reasonable inferences in favor of the non-moving party, and (iv) only dismisses a case where the plaintiff would not be entitled to recover

---

[39] *Id*. at 5-6.
[40] *See generally* Def. Evanston Ins. Co.'s Reply Br. in Supp. of its Mot. to Dismiss or Stay (D.I. No. 32).
[41] *See id.* at 3-8.
[42] *Id*. at 7.
[43] *Id*. at 2, 8.
[44] *See id.* at 8-10.
[45] *Id.*

under any reasonably conceivable set of circumstances.[46]  Importantly, the Court must "ignore conclusory allegations that lack specific supporting factual allegations."[47]  A motion to dismiss will be denied "unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances."[48]

When determining whether a suit should be stayed or dismissed for *forum non conveniens*, Delaware applies different standards depending on the circumstances.[49]  If two cases are filed contemporaneously, and the Delaware case is filed first or there is no other pending action, the Court examines the motion under the traditional *forum non conveniens* framework, applying the factors set forth in *Cryo-Maid* under an "overwhelming hardship" standard.[50]  But, if the foreign action is first-filed, the Court will conduct an analysis under the *McWane* doctrine's three-factor test.[51]

A *McWane* doctrine first-filed analysis, which is "'rooted in *forum non conveniens* doctrine,' proceeds under Superior Court Civil Rule 12(b)(3) and relates to whether Delaware is an 'improper venue.'"[52]  A Delaware court will grant a motion for improper venue in favor of a first-filed action in a foreign court when the *McWane* doctrine's three-factor test is met.  Those three factors ask: (1) is there a prior action pending elsewhere; (2) in a court capable of doing prompt and complete justice; (3) involving the same parties and the same issues?[53]  "If all three criteria are met, *McWane* and its progeny establish a strong preference for the litigation of a

---

[46] *Discovery Glob. Opportunity Master Fund, Ltd. v. Hertz Glob. Hldgs., Inc.*, 2025 WL 435720, at *4 (Del. Ch. Feb. 7, 2025).

[47] *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998).

[48] *Id.*

[49] *See Gramercy Emerging Markets Fund v. Allied Irish Banks, P.L.C.*, 173 A.3d 1033, 1036 (Del. 2017).

[50] *See Ethica Corp. Finance S.r.L.*, 2018 WL 3954205, at *5 (Del. Super. Aug. 16, 2018).

[51] *See id.* (Citing *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng'g Co.*, 263 A.2d 281, 283 (Del. 1970).

[52] *OneSource Virtual, Inc. v. Foster Poultry Farms, LLC*, 2024 WL 4544334, at *4 (Del. Super. Oct. 21, 2024).

[53] *See McWane*, 263 A.2d at 283.

dispute in the forum in which the first action was filed."[54]  In such cases, the Court will dismiss or stay the present litigation until resolution of the first-filed action.[55]

## V.     DISCUSSION

The Stay Motion seeks a dismissal or a stay of these proceedings in favor of the California Action.  Evanston filed the California Action two months before A-R filed the present case.  Evanston invokes the *McWane* doctrine in support of its Motion.  The *McWane* doctrine applies where a related action filed in another jurisdiction predates the related Delaware action.  The Court agrees that the *McWane* doctrine applies as the California Action clearly predates this civil action.

In *McWane*, the Supreme Court held that "a Delaware action will not be stayed as a matter of right by reason of a prior action pending in another jurisdiction involving the same parties and the same issues," but that "such [a] stay may be warranted . . . by facts and circumstances sufficient to move the discretion of the Court."[56]  Evanston filed the California Action approximately two months prior to the present litigation.  The Court finds that the California Action is a prior-filed case concerning the same issues and parties as between Evanston and the Beneficiaries.  The *McWane* doctrine, therefore, establishes a strong preference for staying this civil action in favor of the California Action.

The Trust argues that the District Court cannot exercise jurisdiction over the Beneficiaries and, thus, is incapable of doing prompt and complete justice.  As presented at the hearing, the parties in the California Action have raised the issue of jurisdiction and service of process with the District Court.  The District Court has not ruled on whether it has jurisdiction

---

[54] *LG Elecs., Inc. v. InterDigital Commc'ns, Inc.*, 114 A.3d 1246, 1252 (Del. 2015).
[55] *Id.*
[56] *McWane*, 263 A.2d at 283.

over the Beneficiaries or, as presented in recently filed briefs, that Evanston has failed to properly serve the Beneficiaries in Germany one year after the case was initially filed.

"Pre-judging another Court's jurisdictional determination within the context of a *McWane* analysis violates *McWane*'s very foundation. And even assuming, *arguendo*, that the Court agreed with [plaintiff's] position, such a finding could present an irreconcilable conflict that principles of comity are intended to defend."[57]

The Court addressed a similar situation in *Bright Data, Inc. v. Meta Platforms, Inc.* In *Bright Data*, the Court noted that the parties were free to challenge the Northern District of California's jurisdiction at any time, and "[i]f the California court dismisses the California Action for lack of personal jurisdiction, the parties could easily return to Delaware and lift the stay."[58]

Like the Court in *Bright Data*, the Court is not convinced that A-R's argument regarding the District Court's jurisdiction should prevent a stay of this litigation. The Court does not find it prudent or appropriate to make determinations on another court's jurisdiction. Where a foreign first-filed case addresses a state law cause of action under diversity jurisdiction, Delaware courts often will not dismiss their own cases. Instead, courts will stay the Delaware action in the event that the foreign federal court determines that it cannot render full relief due to a standing, jurisdiction, or justiciability determination.[59] If the District Court dismisses the California Action for failure of service of process or lack of jurisdiction, the parties could easily return to Delaware and lift the stay.[60]

---

[57] *Bright Data, Inc. v. Meta Platforms, Inc.*, 2023 WL 5322293, at *5 (Del. Super. Aug. 18, 2023) (refusing the argument that California courts lack jurisdiction over some of the claims at issue in the context of a *McWane* analysis).

[58] *Id.*

[59] *Lincoln Benefit Life Co. v. Wilm. Tr., N.A.*, 2018 WL 3640898, at *6 (Del. Super. July 31, 2018).

[60] *See id.*

11

Accordingly, the Court will stay this action on all matters, including the pending Wesco MTD and the GAIC MTD. The Court will not dismiss the case while there is a determination by the District Court on matters pending before it on jurisdiction and service of process. If the District Court dismisses the California Action, the parties should provide notice of that action, and the Court will set up a scheduling conference on outstanding motions and a trial date.

## VI. CONCLUSION

For the reasons set forth above, the Court **GRANTS** the Stay Motion on the request to stay this civil action and **DENIES** the Stay Motion on the request to dismiss this civil action. The Court will stay proceedings in this civil action until further notification from the parties.

**IT IS SO ORDERED.**

Dated: October 16, 2025
Wilmington, Delaware

/s/ Eric M. Davis
Eric M. Davis, President Judge

cc:    File&ServeXpress

12